## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  06-174 (JDB)** |
| **v.** | : | |
| | : | |
| **WENDELL HARRIS RORIE,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
### EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

The defendant is charged in a one-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1).   At a hearing or trial in this matter, government counsel expects the evidence for this charge to demonstrate substantially as follows: On May 9, 2006, at approximately 12:00 a.m., officers of the Metropolitan Police Department (MPD) responded to a report of gunshots in the 700 block of Yuma Street, S.E. Canvassing the area, the officers observed an occupied black two-door Cadillac parked in a parking lot in front of the 800 block of Barnaby Street, S.E., which sits behind the 700 to 800 block of Yuma Street, S.E.   The officers observed two occupants inside the vehicle, the

defendant sitting in the driver's seat and another individual in the front passenger's seat.  The officers approached the vehicle to interview its occupants about the gunshots.   The defendant and the passenger in the car refused to cooperate with the officers.  The officers advised the defendant that they were investigating sounds of gunshots on Yuma Street.  When the officers tried to speak with the defendant, he locked the car door and rolled up the driver's side window.  The defendant then indicated that he was going to call his mother who was the owner of the vehicle.   The defendant's mother – who lived directly in front of the parking lot –  responded to the scene.  Once the defendant's mother arrived, the defendant opened the driver's side door and attempted to run from the vehicle.  The defendant was stopped from doing so by one of the officers.  An officer then observed in plain view through the open driver's door of the vehicle the handle of pistol protruding from under the driver's seat.

The gun was removed from the car and inspected by an MPD Crime Scene Officer.  The gun was determined to be a Rock Island Armory .45 caliber pistol loaded with one round of live .45 caliber ammunition in the chamber and nine rounds of live .45 caliber ammunition in the magazine.   Neither the gun nor ammunition were manufactured in the District of Columbia.  The gun was dusted for prints.  Found on the left side of the gun's magazine was a latent fingerprint which was analyzed and found to match the defendant's right thumb.

As indicated in the indictment, the defendant was previously convicted on October 25, 2004 of Unlawful Possession of  Firearm and Ammunition by a Person Convicted of Domestic Assault in violation of 18 U.S.C. § 922(g)(9), for which he was sentenced to12 months incarceration followed by three years of supervised release.   In this case, the government seeks to introduce evidence of the defendant's previous possession of a firearm which resulted in this

prior conviction.  Pursuant to a plea agreement, the defendant pled guilty in that case and admitted to the following: that on March 18, 2004, at approximately 11:20 p.m., in the 800 block of Barnaby Street, S.E., Washington, D.C., the defendant was approached by members of the Metropolitan Police Department because he was drinking from a brown paper bag.   As officers approached, the defendant ran away.   The defendant was stopped a short distance away by MPD officers and arrested for Possession of an Open Container of Alcohol.   The defendant was then transported to the cellblock.  Just prior to a thorough cellblock search of his person, the defendant was uncuffed.   While being searched, the defendant reached into his groin area, withdrew a handgun, and tossed it into a nearby garbage can.  The gun was immediately recovered and inspected.  It was determined to be an Iver Johnson .38 caliber handgun loaded with 5 rounds of live .38 caliber ammunition.   The firearm and ammunition were found to be operable and manufactured outside the District of Columbia.

This March 18, 2004, incident provides persuasive proof in this case that the defendant's possession of the handgun on May 9, 2006, was done knowingly and intentionally, and was not the result of inadvertence or mistake or accident.[1]   Accordingly, it should be admitted pursuant to Rule 404(b).   Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion."  Id. at 929.   As the Court of Appeals has noted en banc, while the first sentence of

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned conviction.

- 3 -

the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of

other crimes evidence in but one circumstance – for the purpose of proving that a person's

actions conformed to his character.  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir.

1998).  In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility."  Id. at

1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing

United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the

evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does

not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule

404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the

evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus,

the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if

so, 2) whether the evidence is admissible under Rule 403 because its probative value is not

substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d

983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission

of evidence in close cases" -- even when other crimes evidence is at issue.  Moore, 732 F.2d at

989.  See Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly

so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

In the instant case, the government must prove that the defendant knowingly and intentionally possessed the gun and ammunition that were ultimately recovered from the vehicle. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  See Criminal Jury Instructions (the "Red Book"), Instruction 4.29.  The defendant's prior possession of a gun and ammunition just two years before the charge at issue is highly probative of his knowing and intentional possession of the gun and ammunition in this case.  Moreover, this evidence is also probative in showing that the defendant's possession of the gun and ammunition were not the result of mistake or accident.  Specifically, the evidence of the defendant's prior possession of a handgun tends to make it less probable that thehandgun found underneath his seat in the car he was in on May 9, 2006, was there by mistake or without intent. Further, the significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case where, as here, any prejudice the defendant may perceive can adequately be addressed through the use of a limiting instruction to the jury.

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  Ibid.

Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence.  See United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Id. at 793 (citation omitted).

In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994),  the defendant had been charged with multiple drug and firearms charges.  The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and fingerprint evidence indicated the items in the safe belonged to defendant Brown.  Id. at 423-26.  When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment.  Id. at 424.

In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 403(b) in a trial of the original charges for the items in the safe.  Id. at 429, 430-32.  Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431.  As the Court commented in next finding the evidence admissible

under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

Further, several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession obtained from the execution of search warrants was properly admitted over

Rule 403 objection because prior possession was probative of knowledge and absence of mistake); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058


_____
G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 4470465
FEDERAL MAJOR CRIMES SECTION
Tel: (202) 305-2195


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion to Admit  Other Crimes Evidence Pursuant Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Dani Jahn, Esquire, by electronic filing, this 3rd day of August, 2006.


_____
G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY