**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.   06-174 (JDB)** |
| **v.** | : | |
| | : | |
| **WENDELL HARRIS RORIE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTION PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant,

should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609, and hereby

moves the Court to admit such evidence.  In support of its motion, the United States relies on the

following points and authorities and such other points and authorities as may be cited at a hearing

regarding this motion:

**I.       Background**

The defendant is charged in a one-count indictment with Unlawful Possession of a

Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a

Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1).  On October 25, 2004, the

defendant was convicted of the felony offense of Unlawful Possession of  Firearm and

Ammunition by a Person Convicted of Domestic Assault in violation of 18 U.S.C. § 922(g)(9),

for which he was sentenced to12 months incarceration followed by three years of supervised

release.  Should defendant choose to testify, we seek to use this conviction to impeach him

pursuant to Fed. R. Evid. 609(a)(1).

II.    **Fed. R. Evid. 609(a)(1)**

Evidence that an accused has been convicted, within the past 10 years, of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1) & 609 (b). The aforementioned offense for which the defendant has been convicted was punishable by more than one year of imprisonment. See 18 U.S.C. §924(a)(2). Further, that conviction occurred within the last ten years. See Fed. R. Evid. 609(b). Indeed, here, the defendant's prior conviction occurred just 18 months prior to the gun offense at issue. This Court should permit the use of this serious, recent conviction to impeach the defendant because the probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

In Lipscomb, the Court of Appeals held that "all felony convictions have some probative value on the issue of credibility." Id. at 1062. Further, as noted by the Court of Appeals in United States v. Lewis, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The Court of Appeals held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not

render the prior conviction inadmissible," and directing that in such circumstances a limiting

instruction should be given to the jury. Id. at 950.[1]

Should the defendant testify in this case, the issue of his credibility, like the defendant in

Lewis, will be a central issue for the jury to determine.   The charges in this case arose from

police officers discovering a handgun in a vehicle underneath the driver's seat where the

defendant was sitting.  Furthermore, the vehicle is not registered to the defendant, and there was

another individual, in addition to the defendant, who was inside the vehicle at the time the gun

was recovered.  Accordingly, should he choose to testify, the defendant's credibility concerning

whether he knew that the gun was inside the vehicle at the time of the crime will be a central

issue.  The probative value of his prior conviction, therefore, is high.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all

impeachments with a prior conviction involve some prejudice, the operative question is "how

much?"  Lipscomb, 702 F.2d at 1062 ("When the defendant is impeached by a prior conviction,

the question of prejudice . . . is not if but how much.").   Here, the prejudicial effect of using

these convictions for impeachment is outweighed by its probative value.   As the Court of

Appeals reasoned in Lewis:

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics
conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried
more probative value where the defendant had testified that he was not knowledgeable about drug
transactions.  Id. at 951.  Nonetheless, as the Court of Appeals noted en banc, this additional factor
was not critical in determining that the probative value of the conviction outweighed its prejudice.
While Lewis might at first be considered a "special" case because the prior conviction served not
only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented,
"our analysis did not treat this [additional] reason as critical" in holding the conviction admissible
under the balancing test.  Lipscomb, 702 F.2d at 1058, n.35 (en banc).

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980).  Similarly, in a prosecution for gun possession, as in this case, evidence of the defendant's prior conviction for possession of a gun carries greater probative value and is more necessary where the defendant may testify that he had no knowledge of the gun recovered from inside the vehicle in which he and the gun were found. In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . .  It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.  Because the defendant's recent, serious gun conviction is clearly more probative than prejudicial with respect to the defendant's credibility in this matter, it should be admitted -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior gun conviction for impeachment purposes, and hereby moves the Court to admit such evidence at trial if the defendant testifies.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO.  451058

_____

G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 4470465
FEDERAL MAJOR CRIMES SECTION
Tel:  (202) 305-2195

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing  Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Conviction Pursuant to Federal Rule of Evidence 609 is to be served upon counsel for the defendant, Dani Jahn, Esquire, by electronic filing, this 3rd day of August, 2006.

_____

G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY