UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-174 (JDB) |
| | ) | |
| WENDELL HARRIS-RORIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM**

Mr. Wendell Harris-Rorie, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fifth amendment to the United States Constitution, to suppress at trial all statements made by the Defendant on May 9, 2006. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.

**Factual Background**

Mr. Harris-Rorie is charged in a one-count indictment with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charges arose out of an incident that occurred on May 9, 2006. On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Harris-Rorie. According to the officers, they recovered a firearm from a car in which Mr. Harris-Rorie was sitting.

According to a discovery letter dated July 25, 2006, Mr. Harris-Rorie made statements to law enforcement officers at the scene of his arrest. As stated in the discovery letter, Mr. Harris-Rorie allegedly stated the following: he asked the officers why they had approached the car; he admitted to hearing gunshots; he indicated that the car was his mother's and said he was going to

call her; and he refused to produce identification or to step out of the car. No statements made by Mr. Harris-Rorie appear in the arrest report in this case. Therefore, it appear that there are no other statements that the government intends to use at trial against Mr. Harris-Rorie other than those statements identified in the discovery letter dated July 25, 2006.

## ARGUMENT

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when she "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody)." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). Thus a person must be advised of his Miranda warnings when there are "words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301.

With regard to the statement and actions at issue here, Mr. Harris-Rorie was clearly "in custody" for Miranda purposes. The test for custody is whether a reasonable person in Mr. Harris-Rorie's position would have believed himself unfree in a significant manner. See Berkemer, 468 U.S. at 442; and see also, United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997).

After a person has been taken into custody or otherwise deprived of his freedom of action in any significant way, the right to Miranda warnings applies when a defendant is subject to "interrogation ... not only express questioning," but also to "words or actions on the part of the police officers that they should have known were likely to elicit an incriminating response from the suspect." <u>Innis</u>, 446 U.S. at 301.  Therefore, even if a defendant is in custody, Miranda rights do not attach until a defendant is interrogated.  <u>See</u> <u>United States v. Bowyer</u>, 985 F.Supp. 153 (D.D.C. 1997).  The words or actions on the part of the police that are reasonably likely to elicit an incriminating response is analyzed from the perception of the suspect, rather than the intent of the police.  <u>Innis</u>, 446 U.S. at 301.

## **Conclusion**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Harris-Rorie respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by him.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500