UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-174 (JDB) |
| | ) | |
| **WENDELL HARRIS-RORIE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS

Mr. Wendell Harris-Rorie, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Harris-Rorie should he chose to testify at trial.

## BACKGROUND

Mr. Harris-Rorie is charged in a one-count indictment with Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The charges arose out of an incident that occurred on May 9, 2006. On that date, officers of the Metropolitan Police Department stopped, arrested and searched Mr. Harris-Rorie. According to the officers, they recovered a firearm from a car in which Mr. Harris-Rorie was sitting. The government has filed a motion indicating its intent to seek to admit Mr. Harris-Rorie's prior conviction for impeachment purposes under Federal Rule of Evidence 609, if Mr. Harris-Rorie testifies at trial. Specifically, the government seeks to use a 2004 conviction for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault.

## **ARGUMENT**

Federal Rule of Evidence 609 provides:

> (a) General rule. For the purpose of attacking the credibility of a witness,
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect. In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the

proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 (D.C. Cir. 1983) ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

The government provides no proffer as to the circumstances of the prior conviction nor any argument as to why the nature of the conviction alone demonstrates the probative value.  The government makes no argument in support of the probative value and only argues that this Court should "permit the use of this serious, recent conviction to impeach the defendant because the probative value outweighs any prejudicial effect." Gov't Rule 609 Mot. at 2.  All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n. 54, but this proposition is simply a starting point.

With respect to the Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault, it is not an offense that, by its nature, involves deception or stealth.  See, e.g., United States v. Millings, 535 F.2d 121, 122-24 (D.C. Cir. 1976) (Carrying a pistol without a license is not a crime of dishonesty or false statement.).  Further, the government has set forth no specific facts indicating that the prior gun conviction is particularly probative in the present case. Whatever probative value the defendant's prior conviction might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law.  See Lipscomb, 702 F.2d at 1071.  The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Further, Mr. Harris-Rorie is charged with possessing a firearm after being convicted of a

crime punishable by more than a year incarceration, thus the jury will learn that Mr. Harris-Rorie has a prior conviction. That fact, however, negates the need to disclose more to the jury. The jury will know that Mr. Harris-Rorie has a prior conviction and could use this fact to assess his credibility. Disclosing the nature of the conviction would only prejudice Mr. Harris-Rorie. Informing the jury of the nature of the prior conviction, particularly here where the conviction is the very same charge in which the jury would determine guilt or innocence, would significantly prejudice Mr. Harris-Rorie. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

In addition, the assumption that a "limiting instruction can be given to the jury in order to preclude its use of such evidence for an improper purpose," Gov't Rule 609 Mot. at 4, is "'unmitigated fiction,'" which "requires[s] the jury to perform a 'mental gymnastic which is beyond, not only their powers, but anybody else's.'" Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

## CONCLUSION

For the foregoing reasons, Mr. Harris-Rorie respectfully moves this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

                                                          Respectfully submitted,

                                                         _____/s/_____
                                                         Danielle C. Jahn
                                                         Assistant Federal Public Defender
                                                        625 Indiana Avenue, N.W., Ste 550
                                                        Washington, D.C. 20004
                                                        (202) 208-7500